Craig A. Welin (State Bar No. 138418)
    cwelin@frandzel.com
Michael J. Gomez (State Bar No. 251571)
    mgomez@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Banco Popular

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>DEBORAH ANN HOTTING,<br><br>Debtor. | CASE No. 4:09-40746 EDJ<br><br>Adv No. 4:09-04407 EDJ<br><br>Chapter 7 |
| DEBORAH ANN HOTTING,<br><br>Plaintiff,<br><br>v.<br><br>BANCO POPULAR,<br><br>Defendant. | **ANSWER OF DEFENDANT BANCO POPULAR TO THE COMPLAINT OF DEBORAH ANN HOTTING FOR:**<br><br>**(1) DECLARATORY RELIEF PURSUANT TO FED. R. BANKR. P. 7001(2) AND 7001(9); AND**<br><br>**(2) DECLARATORY RELIEF PURSUANT TO 11 U.S.C. § 506 AND FED. R. BANKR. P. 7001** |

Defendant Banco Popular ("Defendant"), for itself and no others, hereby answers the Complaint by Deborah Ann Hotting (the "Plaintiff") for: (1) Declaratory Relief Pursuant to Fed. R. Bankr. P. 7001(2) and 7001(9); and (2) Declaratory Relief Pursuant to 11 US.C. § 506 and Fed. R. Bankr. P. 7001 (the "Complaint"), by admitting, denying and otherwise responding as follows:

## GENERAL ALLEGATIONS

1. Defendant admits the allegations set forth in paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant admits the allegation set forth in paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint. The petition for relief under Chapter 13 of 11 U.S.C. § 101, *et. seq.*, was filed on January 31, 2009.

5. Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 6 and, therefore, denies the allegations contained therein.

7. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 7 and, therefore, denies the allegations contained therein.

8. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 8 and, therefore, denies the allegations contained therein.

9. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 9 and, therefore, denies the allegations contained therein.

10. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 10 and, therefore, denies the allegations contained therein.

## FIRST CLAIM FOR RELIEF

**(For Declaratory Relief – Fed. R. Bankr. P. Rules 7001(2) and 7001(9))**

11. Defendant realleges its responses to each of the allegations contained in paragraphs 1-10 above, inclusive, as though fully set forth herein.

12. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 12 and, therefore, denies the allegations contained therein..

13. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 13 and, therefore, denies the allegations contained therein.

14. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 14 and, therefore, denies the allegations contained therein.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (For Declaratory Relief – 11 U.S.C. § 506 and Fed. R. Bankr. P. Rule 7001)

17. The Complaint lacks a paragraph 17. To the extent there is a paragraph 17, Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 17 and, therefore, denies the allegations contained therein.

18. Defendant realleges its responses to each of the allegations contained in paragraphs 1-18 above, inclusive, as though fully set forth herein.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 20 and, therefore, denies the allegations contained therein.

21. Defendant lacks sufficient information and belief upon which to either admit or deny the allegations contained in paragraph 21 and, therefore, denies the allegations contained therein.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Defendant asserts the following affirmative defenses in response to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

24. The Complaint fails to allege facts sufficient to state a claim upon which relief may

be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

25. The Complaint, and each and every purported claim therein, is barred by each and every applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

26. Plaintiff's claims should be denied on the basis of laches because of Plaintiff's unreasonable delay in commencing the instant adversary proceeding which has caused prejudice to Defendant's ability to defend against Plaintiff's claims asserted herein due to the loss and/or destruction of documents, unavailability of witnesses, and the fading of memories.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

27. The Complaint, and each and every purported claim therein, is barred, because Plaintiff is estopped from asserting each and every purported claim as a result of the acts, omissions and course of conduct of Plaintiff, and his respective agents, in their unreasonable delay in bringing the instant action, upon which Defendant has relied, and which has caused prejudice to Defendant's ability to defend against Plaintiff's claims asserted herein due to the loss and/or destruction of documents, unavailability of witnesses, and the fading of memories.

## FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

28. Defendant reserves the right to assert additional affirmative defenses to Plaintiff's Complaint and each and every cause of action purported to be set forth therein.

WHEREFORE, Defendant prays for judgment as follows:

    A. The Plaintiff's claims and each of them be denied;

    B. The Plaintiff take nothing by way of this proceeding;

    C. For attorneys' fees and costs of suit incurred herein;

    D. For such other and further relief as the Court may deem just and proper.

DATED: January 7, 2010

Respectfully submitted,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
CRAIG A. WELIN
MICHAEL J. GOMEZ


By: /s/ Craig A. Welin
    CRAIG A. WELIN
    Attorneys for Banco Popular

# CERTIFICATE OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of FRANDZEL ROBINS BLOOM & CSATO, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920.

On January 7, 2010, I served true copy(ies) of **ANSWER OF DEFENDANT BANCO POPULAR TO THE COMPLAINT OF DEBORAH ANN HOTTING FOR DECLARATORY RELIEF PURSUANT TO FED. R. BANKR.P. 7001(2) AND 7001(9); AND DECLARATORY RELIEF PURSUANT TO II U.S.C. § 506 AND FED.R.BANKR. P. 7001** the original(s) of which is(are) affixed hereto, to the party(ies) listed on the attached service list.

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such document(s) were placed in envelopes addressed to the person(s) served hereunder for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (323) 651-2577. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 7, 2010, at Los Angeles, California.

*Sophia Margetis* (signature)
Sophia Margetis

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

# SERVICE LIST

**_Debtor_**
Deborah Ann Hotting
2360 Windsor Lane
Oakley, CA 94561

**_Counsel for Debtor_**
William M. Rubendall
Law Offices of William M. Rubendall
801 Augusta Ct.
Concord, CA 94518